THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* OCTAVIO GARCÍA DELGADO, k/a OCTAVIO DELGADO, Defendant and Appellant.

Nos. CR-65-301    Decided December 15, 1966.
    CR-65-302.

*Cruz Ortiz Stella* and *Humberto Ortiz Gordils* for appellant. *J. B. Fernández Badillo, Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor General,* and *Nilita Vientós Gastón, Assistant Solicitor General,* for The People.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

Section 81 of the Beverages Act of 1936 provides that "Every person who has in his possession or custody or at his disposition in any way, whether as owner, lessee, depositary, or as guardian or otherwise, any mounted or unmounted still which is not registered with the Secretary of the Treasury . . ." shall be guilty of misdemeanor.

On April 9, 1964 and in the Superior Court, Humacao Part, the prosecuting attorney accused appellant Octavio García Delgado of two violations of said section, alleging in each information that on March 25, 1964 in Naguabo, García Delgado, "had in his possession a mounted still which was not registered in the office of the Treasurer (*sic*) of Puerto Rico."

On the same date the prosecuting attorney filed a third information against García Delgado for a violation of § 77 of said Act, for having in his possession several containers with rum without having affixed thereto the corresponding internal revenue stamps.

The three cases were tried jointly. The court acquitted defendant of the third charge. It found him guilty of the charges referring to the possession of unregistered stills, imposing a penalty of six months in jail for each count to be served concurrently. He appealed from both judgments. He assigns the following error: "The trial court erred in finding defendant guilty on the declaration of an accomplice whose testimony was not corroborated."

We have carefully examined the original record of the cases, the transcript of evidence and the short briefs of the parties. The inescapable conclusion reached is that, obviously

the error was evidently and clearly committed. Let us see.

The evidence for the prosecution consisted in the testimony of Carlos Ortiz Vega, an agent of Internal Revenue, and of Nemesio Viera Rodríguez, the only person that was caught operating the two stills and who had them in his possession, care and custody.

Summarizing, Nemesio Viera Rodríguez' testimony is as follows: In the morning of March 25, 1964[1] defendant, driving a pickup truck went for him at his house for the purpose of going to see some cocks; after seeing them they went to the house of Octavio's mother and there he put two bags of charcoal and two plastic gallon containers in the vehicle; then they went to the place where the stills were; there Octavio told him: "Nemesio, *take the charcoal out*, start a fire, and wait for me here; I am going for firewood." The stills, according to this witness, belonged to defendant; after defendant left in search of firewood "the Internal Revenue agent arrived."

Upon being examined by the prosecuting attorney agent Ortiz Vega, the other witness for the prosecution testified:

"Q. Explain to the court what happened, if anything did happen, on March 25, 1964 about 11:30 a.m. in ward Río Blanco in Naguabo, P.R.

"A. On that date and while I was making my round of inspection in said ward, we caught Nemesio Viera Rodríguez accompanied by a minor, who was cutting firewood for him, a short distance from the two stills which were placed over the fire in the process of distillation.

"Said stills were seized there; three glass containers with approximately two and one fourth gallons of clandestine rum were also seized. Part of said stills was destroyed, the boiler, and the distil worm were seized, and the little boy who was accompanying Nemesio Viera Rodríguez fled.

"Q. What did Nemesio tell you, if anything, there?

"A. Immediately after his arrest Nemesio Viera Rodríguez alleged that he was there just doing a favor to a friend, that

---

[1] The record says "December".

he was only taking care of that while Octavio García Delgado was cutting firewood a short distance from the stills."

Upon examination by the court he testified:

"THE COURT: Tell us something else, Agent Ortiz, at what distance was defendant from the place where you seized all these objects to which you have referred?

"A. He was *quite distant.*

"Q. About what distance?

"A. *About 2 or 3 hectometers from the place.*

"Q. About 2 or 3 hectometers from the place where you seized the objects belonging to the stills. Right there, did you investigate, did you speak to him, to defendant?

"A. Well, that day I did not speak to him because the evidence was distant, we went away and as we walked we came out right in front of his house with the stills, and he was carrying charcoal and other empty containers in his pickup.

"Q. Who was carrying?

"A. Defendant in his pickup."

The two stills, two containers and a thermos bottle were admitted in evidence.

Defendant testified in his defense, he said that on March 24, 1964 he talked with the agent and the latter told him that he was in search of stills in the ward; he testified that he was not the owner of the two stills seized and that he was arrested on the 26th of that month, that is, the day after Nemesio's arrest.

After the evidence for The People was introduced the defense moved for peremptory acquittal on the ground that the testimony of accomplice Nemesio Viera Rodríguez had not been corroborated, and that agent Ortiz's testimony was insufficient. The prosecuting attorney limited himself to stating: "we submit the question."

The trial judge first decided, "as a question of law, that Nemesio Viera Rodríguez is an accomplice pursuant to the ruling of the Supreme Court . . ."; then, among other things, he said:

"The testimony of detective or agent Carlos Ortiz, who testifies that he was on the lookout since early in the morning of the occurrence affirms that he saw defendant while he was loading charcoal and other objects in his motor vehicle, a fact to which Nemesio Viera Rodríguez himself refers.

"The court believes that said evidence corroborates the testimony of Nemesio Viera Rodríguez and under such circumstances the motion for defendant's peremptory acquittal is dismissed."

Agent Ortiz at no time testified that "he saw defendant loading charcoal and some other objects in his motor vehicle." All he said was that *after he caught Nemesio Viera Rodríguez* occupied with the stills, after he had arrested the latter and seized the stills and *"3 containers with two and one-fourth gallons of clandestine rum, the product of the distillation,"* he started his return and passed by defendant's house, and there, in front or near the house, he saw defendant's pickup "which was loaded with charcoal and *other empty containers. . . ."*

Agent Ortiz himself stated that the things he had seized were distant from defendant's house. Let us repeat again textually, what he said when the trial judge asked him whether he had talked to defendant.

"Well, that day I did not speak to him *because the evidence was distant,* we went away and as we walked *we came out right in front of his house* with the stills, and he had charcoal and *other empty containers* in his pickup." (Italics ours.)

From agent Ortiz's testimony it is impossible to infer, reasonably and logically: (1) That on the day of the facts he started vigilance early and (2) that the agent saw defendant "while he was loading charcoal and some other objects in his motor vehicle" and that "Nemesio Viera Rodríguez himself refers" to such objects.

The charcoal to which Nemesio referred was the same which, according to him, defendant had asked him to unload

from the pickup and start a fire when they arrived at the place where the stills were; and the containers, according to Nemesio, were those containing rum, which were seized. It is impossible to conclude that what the agent could see later, inside defendant's pickup, when passing in front of the latter's house, could corroborate Nemesio's testimony, or connect defendant with the commission of the offenses charged.

Rule 156 of the Rules of Criminal Procedure provides:

"A conviction may not be had on the sole testimony of an accomplice, unless it is corroborated by other evidence, which in itself, and without taking into consideration the testimony of the accomplice, tends to connect the defendant with the commission of the offense. This corroboration shall not be sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

As we have said the trial court considered Nemesio Viera Rodríguez as defendant's accomplice. As it appears from the record, Nemesio was accused separately, of having in his possession and custody two unregistered stills and the containers of rum without having the corresponding internal revenue stamps affixed thereto. At the trial against appellant the prosecuting attorney moved for the dismissal of the information against Nemesio and to grant immunity to the latter for the purpose of using him as a witness against appellant and it was thus accepted by the trial judge. Unfortunately, there he let free the bird in the hand to go in search of that in the bush.

Under the aforecited § 81 of the Beverages Act, as possessor, custodian or guardian of the stills he could have been easily convicted.

The provision of Rule 156 forbids any conviction on the sole testimony of an accomplice unless it is corroborated subject to the following requirements:

(1) by any *other* evidence, (2) which in itself and *without taking into consideration the testimony of the accomplice*, (3) tends to connect the defendant with the commission of the offense.

This corroboration, Rule 156 adds, shall not be sufficient, if it merely shows the commission of the offense or the circumstances thereof.

The *other evidence* adduced by The People consisted in the testimony of agent Ortiz Vega. His testimony deals: (1) with what he saw and did at the place where the stills were operated, which is already stated at preceding page 778 and (2) with what was testified by Nemesio Viera Rodríguez, the only person who was in their custody or operating them, in the absence of defendant, of course, and without Nemesio being advised as to the consequences of his testimony and other rights.

What the agent saw in nowise tends to show "the connection of defendant with the commission of the offense"; what Nemesio told him only constitutes a repetition, a duplication or reproduction of what Nemesio, as a witness, testified at the trial.

The agent's testimony proved evidently the mere commission of certain violations of the Beverages Act by Nemesio Viera Rodríguez. Rule 156 provides that that is not sufficient to establish the connection of defendant with the commission of the offense. According to said agent he was distant from defendant, about 2 or 3 hectometers from the place where Nemesio was operating the stills. The circumstances that on passing by defendant's house with the objects seized the agent saw that inside the pickup "they were carrying charcoal and *other* empty containers," does not sufficiently corroborate Nemesio Viera's testimony in its principal part which attributed to appellant the ownership of the stills.

The judgments appealed from will be reversed.